**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

RICHARD SOLLENBERGER,

Plaintiff,

v. Civ. No. 26-1490 GBW/GJF

FORD MOTOR COMPANY;
COVERT FORD LINCOLN, LLC;
CASA FORD LINCOLN;
NORTH PARK LINCOLN;
FINDLAY LINCOLN,

Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY AND FINDING GOOD CAUSE TO DELAY ISSUANCE OF A SCHEDULING ORDER**

THIS MATTER is before the Court upon Plaintiff's Motion for Limited Expedited Discovery Regarding Compliance with Preservation Requests (Dkt. No. 11) ("Motion"). For the reasons stated below, the Court **DENIES** the Motion and **FINDS** good cause to delay issuance of a scheduling order in this case.

Before any Defendant appeared in this case, Plaintiff filed the instant Motion seeking permission to serve on Defendants Casa Ford Lincoln, Covert Ford Lincoln, LLC, and Ford Motor Company requests for production that seek information as to whether "evidence was preserved after Defendants received written preservation requests" from Plaintiff. Dkt. No. 11 at 2. As grounds for these requests, Plaintiff argues that "surveillance video and electronically stored information may be subject to routine overwriting, deletion, account changes, or vendor retention limits." *Id.* at 4. As a result, he suggests that "[l]imited production now will establish whether the requested evidence exists and prevent the preservation issue from becoming broader and more

expensive later." *Id*. Plaintiff explains that he "could not determine" whether the Motion was opposed, since no party had yet appeared. *Id*. at 7.

Thereafter, Defendants Covert Ford Lincoln, Findlay Lincoln, Courtesy Ford Lincoln, North Park Lincoln-Mercury, and Ford Motor Company filed motions to dismiss in which they seek dismissal of Plaintiffs claims for want of personal jurisdiction and for failure to state a claim for relief under the Telephone Consumer Protection Act. *See* Dkt. Nos. 18–20, 24. Notably, when pretrial motions that could resolve a case such as these are filed, it is generally this Court's practice to delay issuance of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(2) until the motions are resolved. *See* Fed. R. Civ. P. 16(b)(2) (providing that a "judge must issue the scheduling order as soon as practicable . . . unless the judge finds good cause for delay").

In addition to Rule 16(b)(2), two other Federal Rules of Civil Procedure are also implicated here. First, Rule 26(d)(1) provides in pertinent part: "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by [the Federal Rules of Civil Procedure], by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). And Rule 37(e) creates a duty for parties to preserve electronically stored information, providing for the imposition of sanctions "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e).

Given the pendency of numerous dispositive motions and in light of Rule 37(e)'s protections for the preservation of electronically stored information, the Court concludes that Plaintiff has failed to show good cause under the circumstances for the limited expedited discovery he seeks in advance of the parties' Rule 26(f) conference.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Limited Expedited Discovery Regarding Compliance with Preservation Requests (Dkt. No. 11) is **DENIED.**

**IT IS FURTHER ORDERED** that issuance of a scheduling order is **DELAYED** pursuant to Federal Rule of Civil Procedure 16(b)(2) until after resolution of the pending dispositive motions (Dkt. Nos. 18–20, 24).

**SO ORDERED.**

______________________________________
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE